.CASE 59—PETITION EQUITY—SEPTEMBER 26.

# Phillips, &c., vs. Ditto.

### APPEAL FROM MEADE CIRCUIT COURT.

The possession of lands of a married woman by her guardian is such a seizin as will entitle the husband to curtesy.

ALEXANDER & KINCHELOE, for appellants, cited 13 *B. Mon.*, 420.

J. C. & J. G. WALKER, for appellees, cited 2 *Bl. Com.*, 126; 209;· 4 *Kent's Com.*, 386; 2 *Rev. Stat.*, 22; 18 *B. Mon.*, 192.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

In 1862 appellee married Elizabeth McGehee, by whom he had issue born alive. .The child lived but a short time, and then the mother died.

Mrs. Ditto inherited from her father, John H. McGehee, who had died before her marriage, an undivided share in several tracts of land of which her father was the owner at his death. One tract, however, had been sold before her marriage on the petition of her statutory guardian; one had been rented out, and the third, called the home tract, had been occupied by her mother and the infant children, of whom she was one, from the death of her father. Dower, however, had been assigned her mother, who was her guardian; and, after the marriage, Elizabeth and her husband, the appellee, lived with·her mother until she (Elizabeth) died.

Her surviving husband, claiming to be tenant by the curtesy to the lands owned by his wife, brought this action against her mother, brothers, and sisters, to enforce that claim, which was resisted by them, and they prosecute this appeal from the judgment of the court below, which sustained his claim.

Section 1, article 4, chapter 47, 2d volume Revised Statutes, page 22, provides, where there is issue of the marriage born alive, the husband shall have an estate for his own life in all the real estate owned and possessed by the wife at the time

of her death, or of which another may then be seized to her use, but·shall hold the same subject to her debts.

By this enactment the law on the subject is essentially changed from what it was previous thereto. If, then, as we have seen, dower had been assigned the widow in the lands of the father of the wife of appellee, her mother, as her guardian, was seized of her part of the real estate to her use, and was such a seizin as we must conclude as entitled the husband to curtesy in said lands.

Wherefore, the judgment is *affirmed*.